United States District Court
Southern District of Texas

**ENTERED**

March 30, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH ADAM IV, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-4761 |
| JAMES DEMETRIUS POPE and JONES TRUCKING, LLC, | § § § | |
| Defendants. | § § § § | |

**ORDER**

This lawsuit arises out of a February 5, 2023, accident between a truck owned by Jones Trucking, LLC and driven by one of its employees, James Pope, and a car driven by Joseph Adam. Adam alleges that the truck driver, Pope, "made too wide of a turn and struck the back driver side of Plaintiff's vehicle." (Docket Entry No. 6 at 3). Adam asserts claims for negligence and negligent entrustment against Jones Trucking and for negligence and negligence per se against Pope, alleging that he suffered disabling injuries in the accident. (*Id.*). Jones Trucking moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 9).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

In his response to the motion to dismiss, Adam withdraws his claim for negligent entrustment because Pope has stipulated that he was acting within the course and scope of his employment when the accident occurred, and Jones Trucking has conceded the same point. (Docket Entry No. 9 at 7; Docket Entry No. 13 at 2). The court agrees that Adam cannot simultaneously maintain claims for negligent entrustment and vicarious liability under these circumstances. Under Texas law, if a defendant company "stipulates to its vicarious liability for its employee's negligence, a company's liability under respondeat superior and direct negligence are mutually exclusive*." Nunez v. Brady's Welding & Mach. Shop, Inc.*, 2022 U.S. Dist. LEXIS 240205, at *1 (W.D. Tex. Oct. 7, 2022) (citing *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—Dallas 2002, pet. denied)). The negligent entrustment claim is dismissed, without prejudice.

Adam has adequately pleaded the respondeat superior claim. Adam's complaint alleges that Pope was employed by Jones Trucking; Pope was acting in the scope of his employment when

2

the accident occurred; and that Jones Trucking, Pope's employer, is vicariously liable for the negligence and negligence per se of Pope under the doctrine of respondeat superior. (Docket Entry No. 6 at 4). This is sufficient to give Jones Trucking notice of the basis for Adam's claims against it and complies with the Rule 8(a) requirement that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. The motion to dismiss as to the vicarious liability claim is denied.

The court grants the motion to dismiss as to the negligent entrustment claim and denies the motion to dismiss as to the vicarious liability claim. (Docket Entry No. 9). The negligence and negligence per se claims against Pope also remain.

SIGNED on March 28, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge